BOHN MANUFACTURING COMPANY *vs.* ROBERT P. LEWIS.

January 2, 1891.

**Subscription to Secure Erection of Factory — Consideration.**—The plaintiff undertook to expend money in the erection of a manufactory in the city of St. Paul, upon the condition that certain sums should be subscribed and paid by citizens thereof in aid of the enterprise, and upon the faith of such subscriptions. *Held* a good and sufficient consideration therefor.

**Same—Condition Precedent—Time, when Essential.**—But, where such subscriptions are upon the condition precedent that the manufactory should be completed by a day certain, time is essential, and they are obligatory only upon the strict performance of the condition.

**Same—Failure to Perform in Time.**—It appearing in this case that the required conditions were not performed within the time fixed in the contract, *held*, that the action could not be maintained.

**Same—Stipulation Extending Time.**—Stipulation extending the time to make the improvements construed.

Action brought in the district court for Ramsey county, to recover $500 and interest on the contract considered in the opinion. The plaintiff appeals from an order by *Kelly*, J., refusing a new trial after verdict directed for defendant.

*James E. Markham*, for appellant.

*W. K. Gaston*, for respondent.

VANDERBURGH, J. By the contract in question here, signed by the plaintiff on the one part, and the defendant and others on the other, and in consideration of the following proposition of the plaintiff, then engaged in manufacturing at the city of Winona, to wit, "to remove its manufacturing plant, and establish its manufactory, to and upon the 17 acres of land which said corporation now owns in Ramsey county, Minnesota, * * * and to establish the same with suitable buildings and machinery, (with a capacity for a force of not less than 250 men,) and have the same in operation by the 1st day of September, 1886, provided that said corporation shall receive in cash or the obligations of responsible persons the sum of $35,000 as a contribu-

tion towards the expense of such removal," the defendant subscribed the sum of $500 as a part of the sum of $35,000 agreed to be raised by citizens of St. Paul, and undertook and promised to pay the same at the office of the St. Paul Trust Company on or before August 1, 1886. By the terms of the agreement, "it is understood that the amount so paid shall not be paid over to the Bohn Manufacturing Company, and the said obligation of said subscribers shall not be enforced, until said company shall have actually removed its manufacturing plant, and established its manufactory on the 17 acres of land in full operation thereon, by the 1st day of September, 1886," and, "in case the said proposition of the said Bohn Manufacturing Company shall not be carried out according to the terms of this agreement, that each subscription shall be void, and the money paid thereon be returned to the person who has subscribed the same." This instrument, which was under seal, was dated January 29, 1886. A clause was added before the same was signed by defendant (as must be assumed from the record before us) in and by which the defendant consented and agreed to a modification thereof in "so far as to extend the time for the completion of the buildings from September 1, 1886, and also for the payment of the subscriptions from August 1 to November 1, 1886."

1. The contract on its face shows a valid consideration for the subscription; that is to say, the plaintiff undertook to expend money in the erection and establishment of the manufactory therein contemplated, on the faith of the subscription. 1 Story, Cont. § 577; *Cottage Street Church* v. *Kendall*, 121 Mass. 528. But, by the terms of the instrument, the subscription was ultimately obligatory upon the subscribers only upon the strict performance of the conditions thereby imposed upon the plaintiff, one of which was that the manufactory should have been removed, established, and in operation by the 1st day of September, 1886. Time thus became essential, and it was accordingly incumbent on the plaintiff to comply with this condition at the time specified to entitle it to receive the subscription. *Steele* v. *Bond*, 32 Minn. 14, (18 N. W. Rep. 830.) Although the subscriptions were to be deposited with the trust company, it is expressly stipulated that they were to be paid over upon compliance with the

condition stated by the plaintiff, and the subscriptions were to be void, and the subscribers were entitled to have the money refunded, unless the proposition of plaintiff was carried out according to the terms of the agreement.

2. It remains to consider the effect of the modification of the contract in the clause subsequently annexed thereto. This must be read and construed in connection with the original contract, which must stand, save as changed thereby. It is modified *so far only* "as to extend the time for the completion of the buildings from September 1, 1886," and "also for the payment of the subscriptions from August 1 to November 1, 1886;" that is, both are extended to November 1, 1886. And the contract would still be subject to the condition that the subscription should be void, and the money, if already paid to the trust company, returned to the subscribers, in case the proposition of the plaintiff should not be carried out according to the terms of the agreement as modified. The plaintiff's proposition is recited in clear and distinct terms in the introduction to the instrument. It is to remove its manufacturing plant, and establish its manufactory with suitable buildings and machinery, and have the same in operation by September 1, 1886. It is evident that this proposition, as a whole, is referred to in the body of the agreement, and it was not intended to so modify it as to waive the condition of the complete establishment of the manufactory as proposed by the day last designated. The plant must have been removed, and the manufactory established, with suitable buildings and machinery, on the 1st day of November, 1886. This was not shown. On the contrary, only a small part of the fixtures and machinery had then been placed in the buildings, and the manufactory was not completed and ready for operation till about January 1st, and was not in operation till some time afterwards. A verdict was therefore properly directed for the defendant, and the order denying a new trial is accordingly affirmed.