MANUFACTURERS AND MERCHANTS' MUTUAL INS. CO.

*v.*

MARIA ZEITINGER, EXrx.

*Opinion filed November 1, 1897.*

1. INSURANCE—*immaterial misrepresentation in an application for fire insurance will not avoid policy.* In the absence of moral fraud a false representation of an immaterial fact in an application for fire insurance will not avoid the policy.

2. SAME—*whether a false representation is material is for the jury.* Whether a false representation in an application for fire insurance is of a material fact is a question for the jury, and its finding in that regard, under proper instructions, when affirmed by the Appellate Court, will not be disturbed by the Supreme Court.

3. SAME—*mailing proofs of loss to the company is sufficient.* A clause in a fire policy requiring that the insured, "within sixty days after the fire * * * shall *render* a statement to the company," containing proofs of loss, is sufficiently complied with if the statement is mailed to the company within the time limited.

4. EVIDENCE—*suit on fire policy—when expert testimony is incompetent.*
In a suit on a fire policy an offer by the company to prove by experts,
as a general proposition, that the age of a building is material to
the risk, may be refused, in the absence of proof or offer of proof
that the risk on the particular building covered by the policy was
increased by a misrepresentation as to its age.

*Manufacturers, etc. Ins. Co.* v. *Zeitinger*, 68 Ill. App. 268, affirmed.

APPEAL from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit
Court of Winnebago county; the Hon. JAMES SHAW,
Judge, presiding.

This was a suit in assumpsit in the Winnebago circuit
court, by Maria Zeitinger, as executrix of the last will and
testament of Valentine Anthony Zeitinger, deceased, on
an insurance policy, against the Manufacturers and Merchants' Insurance Company, to recover the loss sustained
by the total destruction of the property insured, by fire.
The declaration contained a special count setting out the
policy, and averred compliance with all its requirements
with respect to notice and proofs of loss, etc., and contained the common counts also. There was plea of general issue, trial before a jury, and verdict and judgment
in favor of plaintiff for $2350. Defendant appealed to
the Appellate Court for the Second District, which court
affirmed the judgment, and the insurance company has
further appealed to this court.

Valentine Anthony Zeitinger, known as Anthony Zeitinger, lived at Zeitonia, Mo., and owned and operated a
flouring mill on the Monocacy river, in Frederick county,
Maryland. In July, 1893, he wrote to the appellant company in regard to insuring the same. After some correspondence between appellant and Christian J. Zeitinger,
who was the son of Anthony and his agent in Maryland,
the company wrote a policy on the mill for $2000 and on
the machinery for $1000 more, insuring the same for five
years from August 10, 1893. The policy provided that it
should be void "if the insured has concealed or misrepre-

sented any material fact or circumstance concerning this insurance or the subject thereof," and provided further for the giving of immediate notice of loss, and that the insured, "within sixty days after the fire, unless such time is extended in writing by this company, shall render a statement to this company," etc., being the proofs of loss. In the application for the insurance occurred the following question: "Age of building?" to which Zeitinger answered, "About twenty to twenty-five years." The fire occurred on September 3, 1893, and notice of loss was mailed to the company the next day. Two weeks later another notice was sent, asking to be advised in the matter of settlement of the policy. No reply was sent to either letter.

On September 30, 1893, Anthony Zeitinger died at his home in Zeitonia, Mo., and letters testamentary were issued to the appellee October 26, 1893. On November 1, 1893, Christian J. Zeitinger, as appellee's agent, mailed proofs of loss to the company, addressed to it at its home office in Rockford, Ill., which were received by the company November 3, and on November 10 the secretary of the company wrote to appellee's attorney stating that a paper purporting to be proofs of loss had been received and also pointing out certain defects in it, and asking that the certificate of the justice of the peace be attached to any proofs of loss that might be made, concluding as follows: "With a reservation of all objections to your recovery in any form, and without intending to waive any of our rights under the policy, we leave you to pursue any course you may deem expedient. We hold papers subject to your orders." November 21, 1893, amended proofs of loss were sent to the company, to which it made further formal objections and repeated its reservation contained in its former letter. More correspondence ensued, but without arriving at any settlement. A letter from appellee's attorney, C. V. S. Levy, to appellant, of September 30, 1893, was admitted in evidence, in which

he informed appellant of Zeitinger's death and asked for blanks to make out proofs of loss.   No answer was received to this letter.

The evidence on the trial showed that the mill was originally built of stone, about 1828 or 1830; that in 1867 the west end, having sunk down on account of the water, was torn out together with about thirty-one feet of each side wall, all imperfect girders and supporting posts were taken out, and the roof and gable ends taken off and all machinery torn out; that a good foundation, beginning below the bottom of the Monocacy river, was put in and built upon to the level of the road, and then upon that a frame structure joined to the stone then standing was erected and carried up to the former height; that a slate roof with new gable ends was put on, also some new window frames, doors and sash were put in; that new floors were put in the new part and a part of the other floors was replaced; that the whole building was about seventy-two feet long; that Anthony Zeitinger bought the mill in 1889, and changed the machinery in it from the burr process to the roller process.

The errors assigned are, that the court admitted improper evidence for the plaintiff, excluded proper evidence for the defendant, gave improper and refused proper instructions, and that the Appellate Court erred in holding that mailing proofs of loss within sixty days, without their receipt by the company within that time, was a compliance with the terms of the policy.

WILLIAM MARSHALL, and A. D. EARLY, for appellant:

The age of a building is material to the risk, and it being untruthfully stated the risk was thereby avoided, under the terms of the policy.   When the application is prepared, signed and presented by the owner, the company has a right to rely upon its correctness, and if incorrect in any material part it avoids the policy. *Insurance Co.* v. *Wright,* 22 Ill. 474; *Insurance Co.* v. *Fish,* 71 id. 622.

The contract of insurance is one in which the parties to it must act in the utmost good faith. No false representations must be made which go to affect the risk. There must be no concealment of any important fact or false representations as to amount of stock or value. The insurer trusts to the representations of the insured, and proceeds upon the confidence that he has been given all the data necessary to enable him properly to estimate the risk. *Insurance Co.* v. *Rubin,* 79 Ill. 402; *Grange Mill Co.* v. *Insurance Co.* 118 id. 396.

A false representation of a material fact is sufficient to avoid a policy of insurance if written on the faith thereof, whether the false representation be by mistake or design. *Carpenter* v. *Insurance Co.* 1 Story, 57.

It makes no difference whether the untrue statement was made in good faith, or not. *Campbell* v. *Insurance Co.* 98 Mass. 381; *Hayward* v. *Insurance Co.* 10 Cush. 444.

No action can be maintained upon the policy, because proofs of loss were not rendered within sixty days after the fire. *Scammon* v. *Insurance Co.* 101 Ill. 621.

The policy makes it the duty of the insured to render to the company proofs of loss within sixty days after the fire. "Render" means to provide, to furnish, to present, to give, to deliver. The proofs must be in the actual possession of the company within the time required. Mailing proofs of loss is not delivery. *Insurance Co.* v. *Jones,* 47 Ill. App. 261; 2 Biddle on Insurance, 992.

R. K. Welsh, J. C. Garver, and A. E. Fisher, for appellee:

It is claimed that proofs of loss were not "rendered" to the company within sixty days after the fire. Under one meaning of the word "render," when the assured mailed the proofs within the sixty days he was within the meaning of the policy. *Badger* v. *Insurance Co.* 49 Wis. 395.

It is a sufficient legal excuse if the assured is a non-resident, dead, or is absent at the time of the loss and

did not return in time to make proofs.   *Insurance Co.* v. *Grunert*, 112 Ill. 73.

Using old materials in the construction of a building does not render the building older than the years since its rebuilding.   *Insurance Co.* v. *Pickel*, 29 N. E. Rep. 433.

Statements as to the value and age of a building are mere expressions of opinion, and not warranties.   *Insurance Co.* v. *Robertson*, 59 Ill. 126.

Mr. JUSTICE CARTER delivered the opinion of the court:

The chief grounds upon which appellant urges that this judgment should be reversed are, that the policy was rendered void by the alleged misrepresentation in the application as to the age of the mill; that the proofs of loss were not "rendered" within the sixty days, as provided in the policy, and that the condition in the policy as to such proofs was not waived by the company.

It is not claimed that there was any warranty as to the age of the mill, but that the representation as to such age was material, and was untrue.   Some of the witnesses testified that the mill was practically rebuilt in 1867 and was substantially a new structure, and it must be so regarded upon the facts as found by the courts below.   It was not shown that there was any material difference between the value of the mill after it had been so partially rebuilt in 1867, and what its value would have been had it been entirely rebuilt anew at that time. When there is no moral fraud, a representation, although false, does not avoid the policy unless such representation be material,—and its materiality is a question, upon the evidence, for the jury.   In this case the jury were instructed as favorably for the defendant on this point as it could in reason have asked, and we cannot reverse the findings of fact below that the representation was not material.   (*Eddy* v. *Hawkeye Ins. Co.* 70 Iowa, 472.)   It is true that counsel for appellant offered to prove by experts, as a general proposition, that the age of a build-

ing is material to the risk, and the offer was refused by the court. But there was no evidence of any change or increase in risk on account of the alleged age of this mill, nor any offer to show any such change or increase in risk, and the offer as made was properly refused.

It is also insisted by appellant that the proofs of loss were not rendered within the time limited. It is said that the clause in the policy, "shall render a statement to the company," means "shall render a statement to the company at its office;" that the word "render" has a different signification from "forward" or "mail," and that the policy required the proofs to be actually delivered to the company at its home office within the sixty days. We think such an interpretation of this provision is too narrow and strained. In Webster's International Dictionary the word "render," in the sense as it is here used, is defined: "To furnish; to state; to deliver, as, to render an account; to render judgment." It is a familiar rule that all conditions in an insurance policy are to be construed most strongly against the insurer. There is no dispute that the first proofs of loss were mailed before the expiration of the sixty days, and we think that was a substantial compliance with the requirements of the policy. We have examined the cases cited by appellant, but find nothing in them requiring us to hold differently. This also disposes of the question of waiver.

Objection is made to the admission in evidence of some letters on behalf of appellee, but under the view just expressed we think no injury was done to appellant, especially as any improper effect of such letters was specially guarded against by an appropriate instruction.

We think the jury were properly instructed,—certainly as favorably to appellant as it could reasonably have asked.

Perceiving no error in the record the judgment is affirmed.

*Judgment affirmed.*