## M. HOBAN v. S. H. HUDSON.[1]

May 14, 1915.

Nos. 19,123—(79).

**Notice — service by mail.**

Plaintiff was given the option to demand and receive a refund of the amount paid for certain shares of stock in a foreign corporation, provided he gave written notice of his election to have the refund on or before a certain date. In ignorance of the fact that the corporation had discontinued the office it maintained in this state when the contract was made, and that the officers thereof, then residents of the state, had removed to a distant state, plaintiff attempted to serve the notice by mail. He deposited such notice in

[1] Reported in 152 N. W. 723.

the postoffice at Benson, Minnesota, where he resided, two days before the time expired within which it must be served, but it did not reach an officer of the corporation until two days after such time. *Held*, that service was not made until the notice was received by the officer of the corporation, there being no facts pleaded or proven which created an estoppel, or waiver or any agreement express or implied which would warrant the inference that the notice was to be considered served when deposited in the United States mail.

Action in the district court for Swift county to recover $2,500. The case was tried before Qvale, J., who made findings and ordered judgment dismissing the action. From an order denying plaintiff's motion to amend the findings of fact or for a new trial, he appealed. Affirmed.

*C. L. Kane* and *T. R. Kane,* for appellant.
*Hudson & Hudson,* for respondent.

HOLT, J.

June 7, 1910, plaintiff bought from Minnesota-Arizona Copper Co. 4166 shares of its capital stock for $2,500. In the deal he obtained from the company a contract by which he could exchange these shares for certain other shares in another corporation, but if he did not choose to exercise this privilege, on or before April 1, 1912, he could avail himself of this provision: "It is hereby further agreed that the undersigned will refund to the said Hoban the said sum of twenty-five hundred ($2500.00) dollars on June 8, 1912, on the return of said stock of the Minnesota-Arizona Copper Co., properly assigned; provided, however, that the said Hoban shall first give written notice to the undersigned of his election to accept said refund on or before April 8, 1912, and time is the essence of this agreement." The company executed the agreement by its first vice-president, Martin E. Tew, and its secretary. Thereto was subjoined this guarantee signed by the defendant: "For value received I hereby guarantee the performance of the above contract." The action is upon this guarantee. Plaintiff alleged that notice of election to demand a refund of the $2,500 was duly given to the company and to defendant, on or about April 6, 1912, and prior to April 8, 1912. The defendant expressly denied that the notice was given to the company with-

in the time provided in the contract. The court made findings, upon stipulated facts, to the effect that the notice was not served in time upon the company, and hence there was no liability on the part of the guarantor. From the order denying a new trial plaintiff appeals.

Defendant's liability was secondary only, hence plaintiff was required to establish a breach by the copper company, of its contract with him, before recovery could be asked against defendant upon his guarantee. A prerequisite to showing a breach, in failing to refund the $2,500, was proof that plaintiff served upon the company, on or before April 8, 1912, a written notice of an election to demand and receive said refund. Notice to the guarantor of such election was not required, nor could such notice served on him dispense with service upon the company. The appellant rightly states that the sole issue is: "Was the notice given through the mail by the plaintiff to the Minnesota-Arizona Copper Company on the 6th day of April, 1912, a sufficient and substantial compliance with the terms" of the contract? It is conceded that the notice served did not actually reach the company or any of its officers earlier than April 10, 1912.

These are the facts upon which plaintiff predicates the claim of timely service: When plaintiff purchased the shares, the certificate, together with this contract and guarantee, bearing date June 7, 1910, was mailed from Willmar, Minnesota, inclosed in a letter dated June 8, 1910, signed by Martin E. Tew, the first vice-president of the company. The letter head indicated that the operating office of the company was in Arizona and its financial office at Willmar, Minnesota. The names of the directors and officers of the corporation were also given, and in such manner that the inference was that Mr. Tew and the secretary resided at Willmar. No attempt was made by plaintiff until April 6, 1912, to ascertain the whereabouts of any officer of the company. On that day he was informed by defendant where such officers were to be found in California. Thereupon plaintiff mailed at Benson, Minnesota, the place of his residence, three notices of his election to ask a refund of the $2,500. One of these notices was addressed to Martin E. Tew at Los Angeles, California, and reached Mr. Tew on April 10, 1912. One was addressed to him

129 M.—22.

at Tucson, Arizona; it was not delivered but returned through the dead letter office to the sender. The third was addressed to Mr. Tew at Willmar, which place it reached on the seventh; it was forwarded to Los Angeles, California, reaching the addressee on April 11, 1912.

One of appellant's contentions is that by their course of dealings the parties selected the mail as the proper medium by which to serve notice. This is based on the fact that the company made use of the mail in sending the contract and certificate of stock to plaintiff some two years before. We cannot assent to the proposition that either this circumstance, or the fact that the office and officers of the company had in the meantime vanished from the state, authorizes an inference that the company consented to be served by depositing the notice in the United States mail. No doubt, in the absence of anything to the contrary in the contract, the mail could be used as the medium of service, but, if it be used, the service is not made until the notice is in the hands of the one intended to be served.

Neither do we think that there is anything in the situation, or the contract, which would warrant the court in saying that the company, or its officers, could not withdraw from the state without notifying plaintiff. There is no pretence that leaving this state was to evade service, or was with any intent to deceive plaintiff.

It is also maintained that section 7745, G. S. 1913, is applicable to a notice of this kind. We think it plain that this section deals exclusively with the service of pleadings, notices and the like in legal actions or proceedings, and has no reference to notices under private contract, provisions concerning which there is no statutory requirement.

Under this contract plaintiff had the option to demand a return to him of $2,500, provided he seasonably gave written notice of his election to exercise the option. The contract expressly makes time the essence of the agreement. The giving of the notice was a condition precedent to the right to a refund. No facts were pleaded giving the court any right to abrogate the clear language of the contract. Steele v. Bond, 32 Minn. 14, 18 N. W. 830; Bohn Mnfg. Co. v. Lewis, 45 Minn. 164, 47 N. W. 652; Alworth v. Gordon, 81 Minn. 445, 84 N. W. 454; Robinson v. Northwestern Nat. Ins. Co. 92 Minn.

379, 100 N. W. 226, make clear that in a case of this kind where either a right to money or property or a forfeiture thereof depends upon the giving of a written notice, such notice, in the absence of custom, statute, estoppel or express contract stipulation, means a personal notice to the proper party within the stipulated time, and that, if it is sought to make use of the United States mail as a means of service, the service is not effected until the notice comes into the hands of the one to be served.

This is not a case where there is room for inference that the parties had selected the mail as a medium of giving notice, and in that respect it is unlike Robinson v. Northwestern Nat. Ins. Co. supra, and Manufacturers & Merch. Mut. Ins. Co. v. Zeitinger, 168 Ill. 286, 48 N. E. 179, 61 Am. Rep. 105; Howard v. Daly, 61 N. Y. 362, 19 Am. Rep. 285. In Reed v. St. John, 2 Daly (N. Y.) 213, cited by appellant, a mailed notice of an option to take an extension of a lease was held served in time, although it did not reach the landlord until after the date stipulated for serving, but the issue was raised in a suit in equity for relief, and the court found that the service was according to the suggestion of the landlord and an assurance from him that a notice, mailed at the time the notice in question was mailed, would reach him in time. No element of estoppel or waiver is presented either by pleading or proof. The company was a foreign corporation, and if such corporation opens an office in this state no law requires it to continue to maintain the same here.

Had the amendments of the findings, asked for by plaintiff, been granted, it would not have altered the conclusion of law. Our conclusion is, that upon the pleadings and all the stipulated facts, the decision and order of the trial court are right.

Order affirmed.