## John Gianola, Appellee, v. United States Underwriters Company, Appellant.

Heard in this court at the October term, 1930. ▮ Opinion filed January 19, 1931.

BARNABAS F. SEARS, for appellant; FRANK E. TROBAUGH, of counsel.

PULVERMAN & CANTRELL, for appellee.

MR. PRESIDING JUSTICE BARRY delivered the opinion of the court.

On March 20, 1928, appellant issued a policy of insurance to appellee on his Hupmobile sedan. A few months later he turned that car in as part payment on the purchase of a new Buick car. The latter car was to be delivered between August 15 and September 1, 1928. Before the Buick was delivered, appellee had to go to the hospital at Rochester, Minnesota and before leaving he instructed his wife and daughter to have the insurance transferred to the Buick in case it was delivered before his return. The car was delivered in his absence and the wife called appellant's agent to her home and told him that they had a new car but she didn't want to operate it until they had insurance; that she wanted the same coverage they had under the policy issued on the Hupmobile. That conversation occurred on September 7, 1928, and appellee's wife asked the agent if the insurance would be in force from that day and he assured her it would. At that time she had her daughter write a check to the agent for $20 to apply on appellee's insurance account. These facts were proven by appellee's wife and daughter and by appellant's agent.

The agent neglected to write appellant until September 13, 1928. On that day he mailed a letter to appellant in which he referred to the policy on the Hupmobile and that appellee had purchased a new Buick, trading in the other car, and requested a transfer of the insurance to the new car, with the same coverage. He also informed appellant as to the model, horsepower, serial number, motor number, cost of car, etc. He also stated that the new policy should be dated September 7, 1928, as that was the date he was requested to write the same. It does not appear from the evidence at what time in the day on September 13

that letter was mailed to appellant. On the evening of that day the Buick, while being driven by appellee's daughter, was badly damaged in a collision with an embankment, she having lost control of the car. On the trial it was stipulated that the damage to the car was $945. The trial resulted in a verdict and judgment for that amount.

The insurance policy on the Hupmobile contains the following provision: "The protection granted under this policy may be transferred to another car by giving written notice to the underwriters, accompanied by a description of the second car and an additional premium, if one is required by the rates then in force." Under that provision appellee was not required to present a new application when he desired that the insurance be transferred from one car to another. All that he was required to do was to give written notice to appellant with a description of the second car and an additional premium if one should be required. In the case at bar there is no evidence that an additional premium was required by the rates then in force. On September 7, 1928, appellee, through his wife as his agent, requested appellant to transfer the existing insurance to the new Buick car.

Appellant insists that it is not liable for its agent's acts in this matter because the contract between it and its agent contains the following provisions: "The said agent shall not make, alter, or discharge any application, policy or form, nor contract any debts against the first party. . . . His duties and responsibilities are only to solicit applications for insurance and remit the premiums to the home office, and he agrees not to solicit business for any other auto insurance concern." The contract also provides that the said agent shall receive 25 per cent of the premium as his compensation. Under that part of the contract above quoted, the agent clearly had the right to receive an applica-

tion, collect the premium, retain his portion thereof and remit the balance to appellant. In the case at bar we think no formal application was required of appellee to transfer the insurance from one car to another. In such a case an additional premium may be required and we are of the opinion that appellee and his agent were fully warranted in applying to appellant's agent for the transfer of the insurance. The agent in accepting the request for a transfer and communicating the same to appellant was not attempting to make a new contract or to alter or discharge any existing contract.

Appellant's agent testified that he had all of the necessary information for the transfer of the insurance in his office for at least four days before the accident. He mailed a formal notice to appellant on September 13. That notice contains all of the information which the appellant required appellee to furnish in order to effect a transfer from one car to another. Appellant did not see fit to inquire of its agent whether that notice was mailed before or after the accident. We think it is a fair inference that it was mailed before the accident. If so, the letter of the policy was complied with. *Manufacturers & Merchants' Mut. Ins. Co. v. Zeitinger,* 168 Ill. 286.

Under the evidence the jury, acting as reasonable men, could not have reached a different verdict. It is therefore unnecessary to consider the alleged errors urged by appellant. Reason and justice demand that appellant should be held liable for appellee's loss and damage. The judgment is affirmed.

*Affirmed.*