## MICHAEL A. SALMINEN, SR. v. HELIA A. FRANKSON.

245 N. W. 2d 839.

July 30, 1976—No. 46458.

*Lapp, Lazar, Laurie & Smith, Raymond M. Lazar,* and *Frank Abramson,* for appellant.

*Edward J. Matonich,* for respondent.

Heard before Rogosheske, Kelly, and Scott, JJ., and considered and decided by the court en banc.

ROGOSHESKE, JUSTICE.

In plaintiff's action to compel defendant, Helia A. Frankson,

to convey real estate pursuant to the claimed timely exercise of an option to purchase, this single issue is raised: Whether, absent any provision in the option agreement, written notice of the exercise of the option received 2 days after the last day on which the agreement provides that notice must be given is effective if it was mailed on the last day of the option period. Plaintiff, Michael A. Salminen, Sr., appeals from the trial court's determination that it was not effective until received by defendant optionor and was therefore untimely. Adhering to the rule announced in Hoban v. Hudson, 129 Minn. 335, 152 N. W. 723 (1915), and Restatement, Contracts 2d, Tentative Draft No. 1, § 64(b), we affirm.

The facts are undisputed. On September 6, 1974, plaintiff and defendant entered into a real estate option contract prepared by plaintiff. The contract, drafted on a printed form purchase agreement, provided that, for the sum of $500 received from plaintiff, defendant granted plaintiff an option for 45 days commencing September 6 to purchase three described lots of real estate in Hibbing, Minnesota, for a total purchase price of $42,500. The option, as drafted by plaintiff, further provided that defendant would furnish a Registered Property Certificate "[u]pon written notice from [plaintiff] within the option period, to exercise this option," and that "[f]ailure to give such notice * * * within the time specified, shall terminate this option, and all rights hereunder, * * * time being the essence of this agreement."

The parties stipulated that the last day for giving notice to exercise the option under the agreement was October 21, 1974. On that date, plaintiff deposited such written notice by registered mail at the Hibbing post office. Defendant received that notice on October 23, 1974, two days after the expiration date of the option. The trial court held that on these facts the notice was not effective until received, that it was received 2 days late, and that the option had expired on October 21. He therefore dismissed plaintiff's action for specific performance.

Restatement, Contracts 2d, Tentative Draft No. 1, § 64(b), provides:

"[A]n acceptance under an option contract is not operative until received by the offeror."[1]

This is also the rule stated by Corbin. 1A Corbin, Contracts, § 264, p. 521. Our law is in accord. Hoban v. Hudson, *supra.*

The reason that notice of the exercise of an option must be received within the option period in order to be effective is apparent from the nature of the option agreement. In this case, defendant, for valuable consideration, promised to keep her offer open for a specified period of time. She was entitled to know at the end of that period whether or not plaintiff intended to accept the offer. Not having received notice of acceptance at the end of that period, she was entitled to treat the option as expired, which she did.

Plaintiff claims that our decision in Hoban has been weakened over time, citing Nafstad v. Merchant, 303 Minn. 569, 228 N. W. 2d 548 (1975), and Becker v. Commr. of Int. Rev. 378 F. 2d 767 (3 Cir. 1967).

In Nafstad, the last day for the exercise of an option was July 10, 1971. The option provided that notice of acceptance would be effective upon mailing if certified or registered mail was used,[2] but the optionee used regular mail instead. On the issue of timely notice of acceptance, we stated (303 Minn. 572, 228 N. W. 2d 551):

"Lastly, defendants challenge the trial court's ruling that notice was timely received by them. To be effective, the option had

---

[1] Restatement, Contracts 2d, Tentative Draft No. 1, § 64(b), illustration 12, reads as follows: "A, for consideration, gives B an option to buy property, written notice to be given on or before a specified date. Notice dispatched before but not received until after that date is not effective to exercise the option."

[2] Such a provision in an option contract will be given effect. Section 64(b) of the Tentative Draft operates only in the absence of such a provision.

to be exercised by July 10, 1971. The unrebutted testimony showed that two letters were sent by plaintiff's attorney to defendants to fulfill that objective, one of June 23, and the second of July 8, 1971. * * * Under these circumstances, we fail to see how the June 23, 1971, letter could not have reached defendants in time for the option exercise to be effective. The July 8 letter was closer to the deadline, but we will not overturn the lower court's decision that it, too, could have been timely received * * *."

If, in Nafstad, we had intended to overrule Hoban to establish the rule that a mailed exercise of an option is effective upon mailing, the question raised would have been unnecessary to our holding since both acceptances had been mailed—on June 23 and July 8—before the expiration of the option period on July 10, and if effective upon mailing, acceptance would have been effective on June 23. However, we were there mainly concerned with whether or not the evidence supported findings that one or both of the letters was *received* by July 10. We merely upheld the finding that there was no way that "the June 23, 1971, letter *could not have reached defendants in time* for the option exercise to be effective." (Italics supplied.) 303 Minn. 572, 228 N. W. 2d 551.

In Becker, the question was not *whether* the exercise of the option was effective (the option did not state an expiration date) but rather *when* the option was exercised for tax purposes. The option was delivered by mail and stated that it "may be exercised by written notice to the COMPANY, 900 Bush Avenue, St. Paul 6, Minnesota, attention of the Treasurer." 378 F. 2d 768. The option was accompanied by a form which the taxpayer completed and placed in the company mail. On those facts, the Third Circuit Court of Appeals held that the option was exercised when the form was placed in the mail, a result consistent with the rules of §§64(a) and 68 of the Tentative Draft that an acceptance of an offer is effective upon dispatch when made in a manner and by a medium invited by the offer. See, also, Franklin v. Carpenter, 309 Minn. 419, 244 N. W. 2d 492 (1976).

Plaintiff argues that he should be allowed to introduce parol evidence to indicate his understanding of the written agreement. This contention, premised on the argument that the phrase "notice from [plaintiff]" is ambiguous, lacks merit for two reasons. First, the trial court did not find nor do we find any ambiguity, and second, arguably assuming uncertainty, the rule is clear that when the meaning of an agreement is uncertain all doubts and ambiguities must be resolved against the one who prepared it. Marso v. Mankato Clinic, Ltd. 278 Minn. 104, 153 N. W. 2d 281 (1967) ; Wick v. Murphy, 237 Minn. 447, 54 N. W. 2d 805 (1952). Affirmed.