**The TRAVELERS INSURANCE COMPANY, Respondent,**

v.

**Clayton D. TUFTE, et al., Appellants.**

**No. C5-88-1212.**

Court of Appeals of Minnesota.

Feb. 7, 1989.
Review Denied April 19, 1989.

Harrison W. Oehler III, Ward & Oehler, Ltd., Rochester, for respondent.

Richard N. Davies, Peterson, Schlichting & Davies, Albert Lea, for appellants.

Heard, considered and decided by HUSPENI, P.J., and KALITOWSKI and BOWEN,* JJ.

## OPINION

ROBERT E. BOWEN, Acting Judge.

Clayton and Constance Tufte appeal from a judgment of restitution in The Travelers Insurance Company's unlawful detainer action requiring the Tuftes to vacate and surrender 250 acres of farmland. The unlawful detainer action arose as a result of the Tuftes' holdover of the property and alleged failure to accept an offer to lease agricultural lands within the 15–day time limit prescribed by statute. The Tuftes argue they properly exercised what amounts to a right of first refusal under the statute and ask this court to reverse the trial court's judgment of restitution. We reverse.

## FACTS

The Tuftes are long-time residents of Freeborn County. Clayton Tufte is a farmer. The Tufte family farm, located near Hayward, Minnesota, was purchased by Clayton Tufte from his parents. The Tuftes lost the entire 260–acre family farm in 1986 when they deeded it to Travelers in lieu of foreclosure. They subsequently obtained separate financing and repurchased 10 acres with the farm buildings. They rented the remaining 250 acres from Travelers during 1986 and 1987 pursuant to annual written lease agreements. The 1987 lease expired December 31, 1987.

In 1973, the Minnesota legislature enacted a regulating statute, which has been amended from time to time through 1987 and applies to this case. *See* Minn.Stat. § 500.24 (Supp.1987). Under subdivision 6, a corporation "may not lease or sell agricultural land or a farm homestead that was acquired by enforcing a debt against the agricultural land or farm homestead, including * * * accepting a deed in lieu of

foreclosure * * * before offering or making a good faith effort to offer the land for sale or lease to the immediately preceding former owner at a price no higher than the highest price offered by a third party that is acceptable to the seller or lessor. The offer must be made on the notice to offer form under subdivision 7." Minn.Stat. § 500.24, subd. 6 (Supp.1987).

On March 28, 1988, by certified mail, Travelers mailed the Tuftes a Notice of Offer to Lease Agricultural Land in compliance with the statute. The notice was delivered and received by the Tuftes on March 30, 1988, with postage due of ten cents which they paid. The notice stated that the offer to lease terminated on April 12, 1988 (15 days after mailing).

Clayton Tufte testified at trial that he was not sure what the notice was and on April 10 or 11, 1988, he telephoned a real estate department employee of Travelers who was responsible for buying, selling and renting farms owned by Travelers, and who apparently managed the Tufte account. Tufte was not satisfied with the response, and he then tried to contact his former account manager, whose name, address and telephone number were shown on the bottom of the notice. This person was on vacation, so Tufte then sought legal counsel.

The parties do not dispute: (1) Tuftes signed and dated the acceptance of offer on April 12, 1988, the alleged date the offer terminated; (2) Tuftes mailed the acceptance by certified mail on April 13, 1988; and (3) Travelers received the acceptance on April 19, 1988. On April 21, 1988, Tuftes' counsel sent Travelers' counsel a cashier's check payable to Travelers in the amount of $14,000, tendered as full payment of the annual rent. This tender complied with the acceptance terms and was timely. On April 27, 1988, Traveler's counsel notified Tufte's counsel by letter that Travelers did not accept the check, maintaining that the Tuftes failed to exercise timely their right of first refusal, and that he was preparing documents to effect the

---

* Acting as judge of the court of appeals by appointment pursuant to Minn. Const. art. VI, § 2.

Tuftes' removal from the premises; counsel did not return the check.

Mr. Tufte worked the land two times in the spring, but on advice of his attorney did not plant because of Travelers' refusal to recognize his lease acceptance. Travelers brought an unlawful detainer action, and the trial court ordered restitution of the premises to Travelers. This appeal followed the entry of judgment of restitution.

### ISSUE

Did the trial court err by ordering restitution of the subject agricultural land to Travelers because Tuftes did not timely accept the offer to lease within the statutory period?

### ANALYSIS

 On appeal from a judgment of restitution entered by the trial court sitting without a jury, this court will not set aside the findings of the trial court except upon a showing that the trial court's findings are clearly erroneous. Minn.R.Civ.P. 52.01. *Schatz v. Davis*, 354 N.W.2d 522 (Minn.Ct. App.1984). Conclusions of law made by the trial court are not binding. *A.J. Chromy Construction Co. v. Commercial Mechanical Services, Inc.*, 260 N.W.2d 579 (Minn.1977).

Minn.Stat. § 500.24 regulates corporate use of agricultural lands. The intent of the statute, as expressed by the legislature, is:

> The legislature finds that it is in the interests of the state to encourage and protect the family farm as a basic economic unit, to insure it as the most socially desirable mode of agricultural production, and to enhance and promote the stability and well-being of rural society in Minnesota and the nuclear family.

Minn.Stat. § 500.24, subd. 1 (1986).

To achieve this intent, the statute requires:

> A state or federal agency or a corporation, other than a family farm corporation or an authorized farm corporation, may not lease or sell agricultural land or a farm homestead that was acquired by enforcing a debt against the agricultural land or farm homestead, including foreclosure of a mortgage, accepting a deed in lieu of foreclosure, terminating a contract for deed, or accepting a deed in lieu of terminating a contract for deed, before offering or making a good faith effort to offer the land for sale or lease to the immediately preceding former owner at a price no higher than the highest price offered by a third party that is acceptable to the seller or lessor. The offer must be made on the notice to offer form under subdivision 7. Selling or leasing property to a third party at a price is prima facie evidence that the price is acceptable to the seller or lessor.

Minn.Stat. § 500.24, subd. 6(a) (Supp.1987). A "good faith offer" is defined as:

> The notice of an offer under subdivision 7 that is personally delivered with a signed receipt or sent by certified mail with a receipt of mailing to the immediately preceding former owner's last known address is a good faith offer.

Minn.Stat. § 500.24, subd. 6(d) (Supp.1987).

Once an offer is made, the immediately preceding former owner must perform certain statutorily specified acts within a certain time to accept:

> The immediately preceding former owner must exercise the right to lease agricultural land or a homestead located on agricultural land in writing within 15 days after an offer to lease under this subdivision is mailed with a receipt of mailing or personally delivered. The immediately preceding former owner must exercise the right to buy the agricultural land or farm homestead located on agricultural land, in writing, within 65 days after an offer to buy under this subdivision is mailed with a receipt of mailing or is personally delivered. Within ten days after exercising the right to lease or buy by accepting the offer, the immediately preceding owner must fully perform according to the terms of the offer including paying the amounts due. A seller may sell and a lessor may lease the agricultural land or farm homestead subject to this subdivision to the third party in

accordance with their lease or purchase agreement if:

(1) the immediately preceding former owner does not accept an offer to lease or buy before the offer terminates; or

(2) the immediately preceding former owner does not perform the obligations of the offer, including paying the amounts due, within ten days after accepting the offer.

Minn.Stat. § 500.24, subd. 6(g).

■ The statute, however, is ambiguous as to when the limitation period commences and whether acceptance must be actually received within the limitation period to be effective. Where a statute is uncertain of meaning, it is ambiguous and calls for construction to explicitly convey the legislature's intention. *See Mattson v. Flynn*, 216 Minn. 354, 13 N.W.2d 11 (1944).

■ Here, Travelers sent the notice of an offer under subdivision 7 [1] to Tuftes by certified mail with a receipt of mailing, depositing the notice in the mails on March 28.[2] Travelers argues that the 15–day time limit for accepting the offer started running the day after notice was deposited in the mail and ended on April 12. Travelers further argues that when the Tuftes mailed their acceptance on April 13, it was untimely and ineffective because: (1) the acceptance was mailed after the 15–day limitation period, and (2) in any event, Travelers must have received the acceptance within the 15–day limitation period and did not receive it until April 19. The trial court agreed with Travelers and ordered restitution of the property to Travelers.

In construing the functions served by statutorily providing for notification by certified mail, the Minnesota Supreme Court has said:

In the present case, the statute does not specifically provide for substituted service but instead provides for notification by registered or certified mail. *The use of registered or certified mail fills the function of insuring receipt by a person of suitable age or discretion at the person's last known address and is thus reasonably calculated to provide notice to the affected person.*

*Goldworthy v. State Department of Public Safety*, 268 N.W.2d 46, 49 (Minn.1978) (emphasis supplied) (constructive receipt of certified mail is sufficient notice). *See also McIntee v. State, Department of Public Safety*, 279 N.W.2d 817, 820 (Minn.1979) (constructive delivery to a post office box is sufficient notice).

■ The statute in this case specifically provides for substituted service. The legislature used the language "personally delivered with a signed receipt or sent by certified mail with a receipt of mailing * * *." Minn.Stat. § 500.24, subd. 6(d). The statute is remedial in nature. Remedial statutes are to be construed liberally to accomplish their legislative purpose. *See Minnesota Wheat Growers Co-op Marketing Association v. Huggins*, 162 Minn. 471, 203 N.W. 420 (1925).

■ The foregoing authorities establish that the statutory notice requirement of Minn.Stat. § 500.24 is satisfied in the case of service by certified mail where the notice was actually delivered and the addressee actually received it. The limitation period thereupon begins to run. Here, the parties agree that the statutory notice was delivered and received on March 30. Thus,

---

1. We note certain defects in Travelers' notice to the Tuftes. The caption date is not the "date notice is mailed or personally delivered." *See* Minn.Stat. § 500.24, subd. 7 (Supp.1987). A typographical error exists in a crucial part of the notice. While appellant has not raised the issue of defective notice and we do not find these defects prejudicial in light of this decision, we caution accurate compliance with the legislatively mandated notice of offer form under Minn.Stat. § 500.24, subd. 7.

2. Appellant argues defects in process because the notice to offer was received with postage due. Service of notice by mail is ineffectual unless the entire postage legally chargeable be paid. *Amodio v. Civil Service Commission of Department of Civil Service*, 81 N.J. Super. 22, 194 A.2d 512 (1963). Nevertheless, where actual notice is received by mail, it is equivalent to personal service. *See Nemo v. Local Joint Executive Board & Hotel & Restaurant Employees' Local No. 556*, 227 Minn. 263, 265, 35 N.W.2d 337, 339 (1948). Here Tuftes received actual notice on March 30.

the limitation period ended April 14. The parties further agree that the Tuftes deposited their written acceptance in the mails on April 13. Thus, the acceptance was mailed within the 15–day limitation period.

Nevertheless, Travelers argues it must have received the acceptance within the limitation period for it to be effective. The parties agree that the acceptance was received by Travelers on April 19. Travelers cites two cases for the proposition that a notice of exercise of an option or right of first refusal must be received within the specified period of time to be effective. *See Salminen v. Frankson*, 309 Minn. 438, 245 N.W.2d 839 (1976); *Smith v. Hevro Realty Corp.*, 199 Conn. 330, 507 A.2d 980 (1986). These cases are, however, distinguishable. *Salminen* involved a private option contract specifically requiring receipt of notice within the option period. *Salminen*, 309 Minn. at 440, 245 N.W.2d at 840. *Smith* involved a private right of first refusal agreement, exercise of which the court held invalid, not because acceptance was untimely, but for failure to tender a deposit in accordance with the terms of the agreement. *Smith*, 199 Conn. at 342, 507 A.2d at 983.

■ The relevant statutory form of notice states:

> IF YOU WANT TO ACCEPT THIS OFFER YOU MUST NOTIFY ( ... the state, federal agency, or corporation ...) IN WRITING THAT YOU ACCEPT THE OFFER OR SIGN UNDERNEATH THE FOLLOWING PARAGRAPH AND RETURN A COPY OF THIS NOTICE BY (15 for a lease, 65 for a sale) DAYS AFTER THIS NOTICE IS PERSONALLY DELIVERED OR MAILED TO YOU. THE OFFER IN THIS NOTICE TERMINATES ON ( ... date of termination—15 days for lease and 65 days for sale after date of mailing or personal delivery ...).

Minn.Stat. § 500.24, subd. 7. Generally, an offer invites acceptance in any manner and by any reasonable medium in the circumstances, unless there is a contrary indication. Restatement (Second) of Contracts

§ 30 (1981). Where the parties are negotiating at a distance, acceptance by mail is ordinarily reasonable. Restatement (Second) of Contracts § 65 comment c (1981). The statute involved here specifies acceptance "in writing" but does not otherwise limit the medium of acceptance. Here, the Tuftes' acceptance by mail was reasonable and complied with the statutory writing requirement.

■ Acceptance by mail is ordinarily effective on dispatch. *See Heiman v. Phoenix Mutual Life Insurance Co.*, 17 Minn. 153 (Gil. 127) (1871); *Hutchins v. United States Auto Insurance Exchange*, 170 Minn. 273, 212 N.W. 451 (1927). *See also* Restatement (Second) of Contracts § 63 (1981). The statute involved here specifies only that the "former owner must exercise the right * * * in writing within 15 days * * *." Minn.Stat. § 500.24, subd. 6(g). Since the statute does not otherwise specify the event which makes the exercise effective, we find no reason why general contract law should not apply. We therefore hold that the Tuftes' acceptance by mail was reasonable, took effect on dispatch on April 13, and thus was timely. The Tuftes held a valid lease at the time of the unlawful detainer, and Travelers was not entitled to restitution of the premises. The judgment of restitution is reversed.

## DECISION

The trial court erred by ordering restitution of the farmland to Travelers.

REVERSED.