# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 00-1087

_____

Anderson Marketing, Inc., a    * 
Minnesota corporation,    * 
   * 
       Appellant,    *    Appeal from the United States
   *    District Court for the
     v.    *    District of Minnesota.
   * 
Maple Chase Company, formerly    * 
known as Coleman Safety &    * 
Security Products, Inc., a Delaware    * 
corporation,    * 
   * 
       Appellee.    * 

_____

Submitted: October 16, 2000
Filed: February 28, 2001

_____

Before HANSEN, MURPHY, and BYE, Circuit Judges.

_____

HANSEN, Circuit Judge.

Anderson Marketing, Inc. (Anderson, Inc.) appeals the district court's[1] judgment entered in favor of Maple Chase Company (Maple Chase) after a jury trial and its denial of Anderson, Inc.'s motion for judgment as a matter of law. We affirm.

I.

Anderson, Inc. is a Minnesota corporation that provides sales representative support to national manufacturers. Anderson, Inc. is wholly owned by Roger Anderson. In May 1996, Anderson began working as a regional manufacturer's representative for Maple Chase, an Illinois corporation. The relationship between Anderson, Inc. and Maple Chase was set forth in a letter dated May 14, 1996. One year later, on May 15, 1997, the parties agreed to reduce Anderson's commission from four percent to three percent. On June 20, 1997, Maple Chase sent to Anderson, Inc. two copies of a document entitled Sales Representation Agreement, with a cover letter directing Anderson to sign both copies and return them to Maple Chase. Both parties agree that this document constituted an offer. The offer included a thirty-day termination clause and an Illinois choice of law provision. Upon receipt of the offer, Anderson reviewed it, including the section pertaining to the thirty-day termination clause, and filed it in his office. Anderson continued to act as a representative for Maple Chase. In approximately January 1998, Anderson received a call from Maple Chase and was asked to return the signed offer to Maple Chase because the company was in the process of being sold. Anderson then signed the offer and backdated his signature to June 26, 1997. In addition, Anderson wrote under the termination clause that "Minnesota law requires 6 months notification" of termination. (Appellant's Add. at 14.) Anderson did not cross out any words in the offer or include any other notation on or in the offer. He did not include a cover letter when he sent it back to Maple

_____

[1]The Honorable Donald D. Alsop, United States District Judge for the District of Minnesota.

2

Chase. Anderson mailed the offer back to Maple Chase, however, Maple Chase has not been able to locate the offer which Anderson returned by mail.

On May 29, 1998, Maple Chase sent written notification to Anderson, Inc. that it was terminating the sales representation agreement effective July 1, 1998. Anderson, Inc. filed suit against Maple Chase alleging breach of contract; a violation of the Minnesota Termination of Sales Representative Act, Minn. Stat. § 325E.37, which requires 180 days notification of termination; and seeking a declaratory judgment. After a two day trial, the jury found that Anderson, Inc. accepted the offer made in the sales representation agreement of June 20, 1997. The district court entered judgment in favor of Maple Chase. Anderson, Inc. appeals the district court's judgment and the denial of its motion for judgment as a matter of law.

## II.

"A motion for judgment as a matter of law presents a legal question to the district court and this court on review: whether there is sufficient evidence to support a jury verdict." Smith v. World Ins. Co., 38 F.3d 1456, 1460 (8th Cir.1994) (internal quotations omitted). We view the evidence in a light most favorable to the prevailing party, and "we will not reverse a jury's determinations unless we find that no reasonable juror could have returned a verdict for the non-moving party." United States v. Big D Enters., Inc., 184 F.3d 924, 929 (8th Cir.) (internal quotations omitted), cert. denied, 120 S. Ct. 1419 (1999).

Anderson, Inc. argues on appeal that no reasonable jury could have found that Maple Chase's offer was accepted, and therefore, the district court erred in denying Anderson, Inc.'s motion for judgment as a matter of law. Anderson, Inc. first contends that Maple Chase never received the signed acceptance of the offer. Under Minnesota law, "[a]cceptance by mail is ordinarily effective on dispatch." Travelers Ins. Co. v. Tufte, 435 N.W.2d 824, 829 (Minn. Ct. App.1989). Anderson admits that he signed

3

the contract, backdated it, and mailed it to Maple Chase. In addition, Anderson continued to act as a representative for Maple Chase and continued to accept commissions until he was sent a notice of termination in May 1998. His continuation of employment manifests his acceptance of the offer. See Pine River State Bank v. Mettille, 333 N.W.2d 622, 627 (Minn. 1983). Viewing the facts in the light most favorable to Maple Chase, a reasonable jury certainly could have found that Anderson accepted Maple Chase's revised offer to act as a representative.

Next, Anderson argues that he rejected the offer when he made a handwritten notation under the termination clause that Minnesota law requires six months notice of termination. Anderson states that he subjectively intended to reject Maple Chase's offer. (Appellant's Br. at 24.) The question of whether a contract is formed is determined by considering the parties' objective conduct and not their subjective intent. Gresser v. Hotzler, 604 N.W.2d 379, 382 (Minn. Ct. App. 2000). The objective conduct of signing the offer, backdating it, mailing it to Maple Chase, as well as continuing to work as a representative for Maple Chase and accepting commissions, could have persuaded the jury to reasonably conclude that Anderson accepted the offer regardless of his subjective desire to reject the Illinois choice of law provision. Simply writing a notation in another part of the offer that Minnesota law requires six months notice without crossing out or otherwise indicating a rejection of the Illinois choice of law provision is insufficient to show a rejection of that term of the offer. His handwritten notation that Minnesota law requires six months notification could have been interpreted as a mere suggestion that more than thirty days notice should be provided. A suggested modification does not prevent a contract from being formed, provided the offer is positively accepted. Id. A reasonable jury could have found that all of Anderson's actions indicated that he positively accepted the offer to continue to act as a sales representative for Maple Chase pursuant to the new terms of employment.

4

In addition, Anderson, Inc. asserts that the offer was not supported by consideration. However, the fact that Anderson continued to work for Maple Chase is sufficient evidence of consideration. See Pine River, 333 N.W.2d at 627.

Finally, Anderson contends that he did not willingly and knowingly waive his rights under Minnesota law. The fact that Anderson did not cross out the Illinois choice of law provision or write any notation near that provision indicates that he did willingly and knowingly waive his rights under Minnesota law and that he did accept the Illinois choice of law provision. Because there was sufficient evidence to support the jury's verdict, the district court properly entered judgment in favor of Maple Chase and properly denied Anderson, Inc.'s motion for judgment as a matter of law.

III.

For the reasons stated above, we affirm the judgment of the district court and the denial of Anderson's motion for judgment as a matter of law.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

5