Brian **HAPKA**, Appellant,

v.

**AGRIBANK**, et al., Respondents.

No. C9–96–609.

Court of Appeals of Minnesota.

Nov. 5, 1996.

Review Denied Jan. 7, 1997.

Lawrence H. Crosby, Crosby & Associates, St. Paul, for Appellant.

Jeffrey C. Braegelmann, Gislason, Dosland, Hunter & Malecki, P.L.L.P., New Ulm, for Respondents.

Considered and decided by HARTEN, P.J., and CRIPPEN and THOREEN,* JJ.

## OPINION

CRIPPEN, Judge.

Appellant contends that the trial court erred in dismissing by summary judgment his claim for specific performance to repurchase agricultural land under Minn.Stat. § 500.24, subd. 6 (1994) (providing for protection of former family farm owners on the occasion of certain government, partnership, or corporation sales). We affirm.

## FACTS

In 1993, appellant deeded the land at issue to respondents AgriBank and Farm Credit Services of Grand Forks (AgriBank) in lieu of foreclosure. Appellant retained the right of first refusal to repurchase the land pursuant to Minn.Stat. § 500.24, subd. 6 (1994).

On March 30, 1995, AgriBank agreed to sell the land to respondent Howatt. On April 6, pursuant to Minn.Stat. § 500.24, AgriBank sent appellant the requisite notice through certified mail with delivery receipt requested. The notice was addressed to appellant's residence in Argyle, contained sufficient postage, and otherwise complied with the statutory requirements. It expressly provided that the right of first refusal would terminate on June 10, 1995. The post office neither delivered the notice nor left a notice of certified mail at appellant's residential address.

On April 18, Appellant checked a post office box primarily used by his brothers and discovered the notice. This post office box, which also is located in Argyle, was leased to Hapka Partnership, a business association among appellant and his brothers. Although appellant kept a key to this box, he irregularly checked it and did not use it as either a personal or business address.

* Retired judge of the district court, serving as judge of the Minnesota Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 10.

1. The notice must contain the following language, inserting the appropriate terms within the parentheses:

According to respondents, appellant's right of first refusal terminated on June 10 when appellant did not act within sixty-five days after AgriBank mailed appellant the notice. On June 22, appellant mailed AgriBank notice of his acceptance, which AgriBank rejected as untimely. AgriBank subsequently closed its sale of appellant's former land to Howatt.

After appellant filed a claim for specific performance, the parties brought cross-motions for summary judgment. The trial court granted respondents' motion for summary judgment.

## ISSUE

Did the sixty-five day period for appellant's exercise of his right of first refusal pursuant to Minn.Stat. § 500.24, subd. 6 (1994), commence on the date the appellant actually received the notice or on the date respondents mailed the notice by certified mail?

## ANALYSIS

A court should grant summary judgment when the evidence shows that no genuine issue of material fact exists and that either party is entitled to a judgment as a matter of law. *Fabio v. Bellomo*, 504 N.W.2d 758, 761 (Minn.1993). On appeal, the reviewing court must view the evidence in the light most favorable to the party against whom judgment was granted. *Id.*

The first refusal rights statute for family farmers provides that the immediately preceding former owner of agricultural land must exercise the right to repurchase the land in writing within sixty-five days "after an offer to buy under this subdivision is mailed with a receipt of mailing or is personally delivered." Minn.Stat. § 500.24, subd. 6(i) (1994). It also requires the notice to include the date on which the right of first refusal terminates.[1] Minn.Stat. § 500.24, subd. 7 (1994).

IF YOU WANT TO ACCEPT THIS OFFER YOU MUST NOTIFY (... the state, federal agency, limited partnership, or corporation ...) IN WRITING THAT YOU ACCEPT THE OFFER OR SIGN UNDERNEATH THE FOLLOWING PARAGRAPH AND RETURN A

■ The plain meaning of the statute indicates that the legislature intended the sixty-five day time period to commence on the date AgriBank mailed the notice to appellant. The statute declares that the time period begins when the notice is mailed with a receipt of mailing "or is personally delivered." *Id.*, subd. 6(i). Thus, it requires that the current owner either mail the notice with return receipt requested or personally deliver the notice. Reading the statute to require both events would violate the plain meaning of the statutory language because the term "or" is disjunctive. *In re D & A Truck Line, Inc.*, 524 N.W.2d 1, 7 (Minn.App.1994). Therefore, the statute provides that the mailing of the notice with delivery receipt requested triggers the commencement of the sixty-five day period.

We previously have observed that the statutory principle regarding the notice's effective date contrasts with contract law. We have stated:

> General contract law provides that an offer is made when it is received, not posted. *See* Williston, *Contracts*, 3rd ed. § 34 (1957). However, because the 1987 revision of subdivision [6(i) ] requires a former owner to exercise the right to repurchase the property within 65 days after an offer "is mailed with a receipt of mailing or is personally delivered," we believe the legislature also intended that an offer could be made upon the mailing of a certified letter.

*Rushford State Bank v. Kjos*, 445 N.W.2d 846, 849 (Minn.App.1989). Thus, this court has interpreted § 500.24, subd. 6(i), as making the offer effective upon dispatch through certified mail and commencing the sixty-five day period at that time.

■ Finally, even if the statutory language was unclear, the notice was ultimately

delivered in this case and its own language informed appellant that his right of first refusal expired on June 10. Even under contract law, appellant would receive no additional time if he had reason to know of the delay in receipt. A delay in the communication of an offer does not extend the time period within which a contract can be accepted if the offeree knows or has reason to know of the delay from the date of the offer, the postmark on the envelope, or some other means.[2] Restatement (Second) of Contracts § 49 (1981); 1 Arthur L. Corbin & Joseph M. Perillo, *Corbin on Contracts* § 2.17 (rev. ed. 1993); 1 Samuel Williston & Richard A. Lord, *A Treatise on the Law of Contracts* § 5:21 (4th ed. 1990). Thus, under the common law, the delay caused by the delivery of the notice to the wrong address did not extend the time period in which appellant could accept AgriBank's offer because the notice expressly provided a termination date. In addition, the postmark should have alerted appellant of the delay.

Appellant argues that our decision in *The Travelers Ins. Co. v. Tufte* mandates that the sixty-five day period in this case did not commence until appellant actually received the notice. 435 N.W.2d 824, 828–29 (Minn. App.1989), *review denied* (Minn. Apr. 19, 1989). But *Tufte* does not pronounce a broad rule governing receipt; rather, it only governs the situation where the current owner causes a defect in mailing. *Id.* at 828 & n. 2. Because AgriBank properly addressed the notice and paid sufficient postage, *Tufte* does not apply.

Appellant finally contends that the trial court's application of the statute offends its remedial purpose. But a canon of statutory construction provides that the remedial nature of a statute should not defeat the plain

COPY OF THIS NOTICE BY (15 for a lease, 65 for a sale) DAYS AFTER THIS NOTICE IS PERSONALLY DELIVERED OR MAILED TO YOU. THE OFFER IN THIS NOTICE TERMINATES ON ( ... date of termination—15 days for lease and 65 days for sale after date of mailing or personal delivery ...) * * *.
Minn.Stat. § 500.24, subd. 7 (1994).

2. For example, the Restatement illustration provides:

> *A* sends *B* a misdirected offer which is delayed in delivery, as is apparent from the date of the letter or the postmark on the envelope, so that the offeree does not receive the offer until some time later than he would have received it had the direction been correct. The offeree cannot accept the offer unless he can do so within the time which would have been permissible had the offer arrived seasonably. Restatement (Second) of Contracts § 49 illus. (1981).

meaning of its language. Minn.Stat. § 645.16 (1994) ("When the words of a law in their application to an existing situation are clear and free from all ambiguity, the letter of the law shall not be disregarded under the pretext of pursuing the spirit."); *Gale v. Commissioner of Taxation,* 228 Minn. 345, 350, 37 N.W.2d 711, 715 (1949) (stating that the remedial nature of a statute does not justify a construction that gives statutory language an unintended meaning). Despite the statute's remedial nature, the trial court properly gave effect to the plain meaning of its language.

### DECISION

The trial court properly granted the respondents' motion for summary judgment because the sixty-five day period to exercise a right of first refusal began to run on the date AgriBank mailed the notice with requested receipt of delivery.

**Affirmed.**