234 P.3d 617

Christopher PERRY; and Perry & Partners, PLLC, an Arizona Professional Limited Liability Company dba Perry & Shariro, LLP, an Arizona Limited Partnership, Petitioners,

v.

The Honorable Emmet RONAN, Judge of the Superior Court of the State Of Arizona, in and for the County of Maricopa, Respondent Judge,

Bruce Dupont aka Bruce R. Bennett, Real Party in Interest.

No. 1 CA–SA 10–0038.

Court of Appeals of Arizona, Division 1, Department D.

June 22, 2010.

Lewis Brisbois Bisgaard & Smith LLP By Karen L. Kaar and Bryan N. Sandler, Phoenix, Attorneys for Petitioners.

McGuire Gardner PLLC By Pernell W. McGuire and James M. McGuire, Flagstaff, Attorneys for Real Party in Interest.

## OPINION

OROZCO, Judge.

¶ 1 Petitioners, Christopher Perry and Perry Partners, PLLC, doing business as Perry & Shapiro, LLP (collectively, Perry), petitioned this Court for special action relief. Perry challenges the trial court's order denying its Motion to Enforce the Settlement Agreement (Motion to Enforce) between Perry and the Real Party in Interest, Bruce R. Bennett (Bennett). For the following reasons, we accept jurisdiction and grant relief.

## FACTS AND PROCEDURAL HISTORY

¶ 2 On September 30, 2008, Bennett brought the underlying action against Perry. On October 6, 2009, the parties met with a mediator in an attempt to resolve the dispute. The mediator recommended Perry pay Bennett $400,000 to settle the case. Perry agreed, but Bennett did not and the mediation ended without settlement.

¶ 3 Two weeks later, on Wednesday, October 21, 2009, Bennett faxed a letter to his attorney, D.W., authorizing her to settle the litigation. Bennett's letter to D.W. stated, "I will agree to a $400,000.00 (FOUR HUN-

DRED THOUSAND AND NO/100 DOLLARS) settlement provided I get an okay by 5:00 p.m. Monday, October 26, 2009. Please contact the mediator forthwith and ask· him to please contact [Perry]." D.W. conveyed Bennett's settlement offer to the mediator but failed to disclose his October 26, 2009 deadline. Unbeknownst to D.W. and Bennett, the mediator did not inform Perry of the offer until October 27, 2009, after the deadline passed. Perry informed the mediator that it would accept Bennett's offer on October 29, 2009.

¶ 4 On Monday, November 2, 2009, the mediator sent an e-mail to both parties requesting that each party respond by e-mail to confirm the agreement. Perry sent a confirmation e-mail, but Bennett did not. Perry contacted Bennett regarding his failure to respond and learned that Bennett was no longer represented by D.W. and that Bennett was not going to agree to the settlement. Perry subsequently filed a motion to enforce the settlement. The trial court denied the motion, finding that no settlement was reached because Bennett's "attorney did not have the authority ... to settle the case after 5:00 p.m. on Monday, October 26, 2009." The trial court set the matter for trial. Perry petitioned this Court for special action relief, challenging the court's order denying the Motion to Enforce.

## SPECIAL ACTION JURISDICTION

¶ 5 We have discretion to accept special action jurisdiction pursuant to Arizona Revised Statutes (A.R.S.) section 12–120.21.A.4 (2003) and Arizona Rule of Procedure for Special Actions 8(a). "Special action jurisdiction is highly discretionary," *Blake v. Schwartz*, 202 Ariz. 120, 122, ¶ 7, 42 P.3d 6, 8 (App.2002), and is appropriate when "there is no equally plain, speedy, and adequate remedy by appeal." Ariz. R.P. Spec. Act. 8(a). We are more inclined to accept special action jurisdiction when "the issue presented is one of first impression, is a purely legal issue, and is of statewide significance." *Levinson v. Jarrett ex rel. County of Maricopa*, 207 Ariz. 472, 474, ¶ 4, 88 P.3d 186, 188 (App. 2004). Additionally, special action jurisdiction is appropriate if "the resulting cost and

delay to all parties if normal appellate procedures were utilized and the case then had to be retried militate in favor of exercising our discretion to accept jurisdiction." *Univ. of Arizona v. Superior Court (Heimann),* 136 Ariz. 579, 581, 667 P.2d 1294, 1296 (1983).

¶ 6 In this case, the facts presented are undisputed and purely legal issues are involved. Furthermore, the issues presented are of first impression and of statewide importance. In an exercise of our discretion, we accept special action jurisdiction.

## DISCUSSION

¶ 7 Perry raises two issues: (1) whether a binding settlement agreement existed; and (2) whether the settlement agreement complied with Arizona Rule of Civil Procedure 80(d). In this case, the trial court held no evidentiary hearing and relied upon the arguments of counsel and undisputed facts. In effect, the trial court entered summary judgment denying the existence of a settlement agreement. *See Canyon Contracting Co. v. Tohono O'Odham Hous. Auth.,* 172 Ariz. 389, 390, 837 P.2d 750, 751 (App.1992). Accordingly, we review the trial court's decision de novo. *Andrews v. Blake,* 205 Ariz. 236, 240, ¶ 12, 69 P.3d 7, 11 (2003); *State Comp. Fund v. Yellow Cab Co.,* 197 Ariz. 120, 122, ¶ 5, 3 P.3d 1040, 1042 (App. 1999).

**The Settlement Agreement**

¶ 8 The parties dispute the scope of D.W.'s authority to settle the lawsuit. Perry argues D.W. had both actual and apparent authority to allow Perry to accept Bennett's offer after the express deadline Bennett gave to D.W. Alternatively, Perry contends that its acceptance should be considered timely because Restatement (Second) of Contracts § 49 (1981) operates to extend Bennett's express deadline beyond the date Perry accepted.[1]

¶ 9 Restatement (Second) of Contracts § 49 (1981) states:

If communication of an offer to the offeree is delayed, the period within which a contract can be created by acceptance is not thereby extended if the offeree knows or has reason to know of the delay, though it is due to the fault of the offeror; but if the delay is due to the fault of the offeror or to the means of transmission adopted by him, and the offeree neither knows nor has reason to know that there has been delay, a contract can be created by acceptance within the period which would have been permissible if the offer had been dispatched at the time that its arrival seems to indicate.

By way of illustration:

A sends B a misdirected offer which is delayed in delivery, as is apparent from the date of the letter or the postmark on the envelope, so that the offeree does not receive the offer until some time later than he would have received it had the direction been correct. The offeree cannot accept the offer unless he can do so within the time which would have been permissible had the offer arrived seasonably.

Restatement (Second) of Contracts § 49 illus. 1 (1981). This means that an offer can be accepted *after* an acceptance deadline has passed if: (1) there is a delay in the delivery of the offer due to the fault of the offeror or the means of transmission adopted by the offeror; (2) the offeree neither knows nor has reason to know of the delay; and (3) the offeree accepts within *the same period of time* that would have been permissible if there was no delay. *Id.* Accordingly, if a delayed offer would have allowed the offeree three days to accept had the offer been delivered on time, the offeree must accept within three days of the delayed delivery.

¶ 10 Absent Arizona law to the contrary, we may rely on the Restatement for guidance. *Ft. Lowell–NSS Ltd. P'ship v. Kelly,* 166 Ariz. 96, 102, 800 P.2d 962, 968 (1990). We have found no Arizona law contrary to section 49. Because we conclude that section 49 is consistent with public policy

---

1. Bennett failed to address this argument in his Response Brief. Although we may consider his failure to respond as a confession of error, we decline to do so. *See In re 1996 Nissan Sentra,* 201 Ariz. 114, 117, ¶ 7, 32 P.3d 39, 42 (App. 2001) (failure to address issues raised on appeal "can be considered a confession of error").

relating to contract law, we expressly adopt it.[2]

¶ 11 We have found only two other cases that have cited section 49 in considering similar facts. In *C.G. Schmidt, Inc. v. Tiedke*, 181 Wis.2d 316, 510 N.W.2d 756 (Wisc.App.1993), the Wisconsin Court of Appeals held that a counteroffer "in effect, contained no restriction on time for acceptance because delivery occurred after the express deadline." *Id.* at 758. In *Tiedke*, the appellant delivered a counteroffer to purchase property with a deadline to accept the counteroffer by 12:00 p.m. on August 20. *Id.* at 757. However, the appellant delivered the offer after the deadline had passed. *Id.* The *Tiedke* court chose not to apply section 49 to its facts and instead relied on waiver to hold that a time restriction no longer remained when the offer was delivered after the deadline. *Id.* at 757–58. In effect, the court found the appellant waived the time restriction by delivering the offer after the deadline. *Id.* As a result, the time restriction fell out of the offer and the court simply disregarded it. *Id.*

¶ 12 The *Tiedke* court opted to apply waiver instead of section 49 because it understood section 49 "to offer guidance for situations where communication of an offer is delayed but still occurs *within the period of time during which the offer may be accepted* under the terms of the contract." *Tiedke,* 510 N.W.2d at 758 (emphasis added). However, we disagree that section 49 is limited in that fashion. *See supra* ¶ 9. First, section 49 does not state such a limitation; rather, section 49 states "a contract can be created by acceptance within the *period* which would have been permissible if the offer had been dispatched at the time that its arrival seems to indicate." (Emphasis added.) We interpret the "period" described in section 49 to mean the same *period of time* that would have been permissible if there was no delay. Unlike the interpretation presented in *Tiedke,* our interpretation allows acceptance even after a deadline has passed.

¶ 13 Second, if we adopted the *Tiedke* waiver theory, rather than applying section 49, time restrictions would become completely meaningless for offers delivered after a deadline. We believe that applying section 49 to an offer delivered after the deadline comports with public policy. In doing so, the court gives meaning to the offeror's time restriction, rather than disregarding it.

¶ 14 Although the *Tiedke* court found section 49 was inapplicable to its facts, it did state that it was concerned with "allow[ing] one party to tender an offer after the express acceptance deadline has passed, then, if the offer is accepted, to enforce the contract relying on the acceptance or, at its pleasure, to escape the contract claiming that the acceptance was too late." *Id.* at 758. Our adoption and interpretation of section 49 protects against this important concern. For instance, were we to find the settlement agreement unenforceable in this case, Bennett could either confirm Perry's acceptance or reject it and open new settlement negotiations with the unfair advantage of knowing Perry would be willing to settle for $400,000. By our adopting section 49, Bennett is precluded from gaining this advantage. Under our interpretation, the settlement agreement is created by the traditional offer and acceptance, *K–Line Builders, Inc. v. First Fed. Sav. & Loan Ass'n,* 139 Ariz. 209, 212, 677 P.2d 1317, 1320 (App.1983), rather than an offer, acceptance, and a subsequent confirmation from the offeror.

¶ 15 In *Hapka v. Agribank,* 555 N.W.2d 534 (Minn.App.1996), the Minnesota Court of Appeals found that a deadline for acceptance was not extended by delayed delivery because the offeree "had reason to know of the delay in receipt." *Id.* at 536. The court reasoned that the offeree knew of the delay because it received the offer before the deadline had passed and the offer itself expressly stated the deadline. *Id.* In addition, the court noted that "the post-mark should have alerted [the offeree] of the delay." This reasoning is consistent with our adoption of section 49, which extends the deadline only if

---

2. Because we adopt the Restatement, we need not address the arguments relating to actual/apparent authority.

the offeree neither knows nor has reason to know of the delay.

¶ 16 In this case, it is undisputed there was a delay in delivering Bennett's offer to Perry. That delay resulted from Bennett's choice of the means of communication-instructing D.W. to contact Perry through the mediator. It is also undisputed Perry was unaware of the delay and had no reason to know of the delay. Nothing in the mediator's communication to Perry could have alerted Perry of a delay. Lastly, Perry accepted Bennett's offer within the same time period that would have been allowed had the mediator timely communicated the offer and deadline to Perry.[3] Accordingly, we hold that Bennett and Perry entered into an enforceable settlement agreement when Perry accepted Bennett's delayed offer.

## Rule 80(d)

¶ 17 Bennett argues that Arizona Rule of Civil Procedure 80(d) precludes enforcement of the settlement agreement because Rule 80(d)'s requirements were not met. Rule 80(d) provides, "[n]o agreement or consent between parties or attorneys in any matter is binding if disputed, unless it is in writing, or made orally in open court, and entered in the minutes." In *Hays v. Fischer*, 161 Ariz. 159, 166, 777 P.2d 222, 229 (App. 1989), we held that Rule 80(d) does not apply when neither the existence of the agreement nor its terms are in dispute. In *Hays*, "[t]he only issue was whether Hays was bound by the settlement agreement." *Id.* Similarly, in this case, Bennett only disputes whether he is bound to the settlement agreement; the agreement's existence and terms are not in dispute.

¶ 18 Nevertheless, Bennett relies on *Canyon Contracting Co.*, 172 Ariz. at 392, 837 P.2d at 753, in arguing Rule 80(d) applies. In *Canyon Contracting Co.*, we distinguished *Hays* in two respects. First, the appellant in *Canyon Contracting Co.* disputed the exis-

tence of a final settlement agreement, arguing that "the agreement was only tentative and that its form was that of a settlement proposal to which final assent had not been given." *Id.* Second, "the record contain[ed] sufficient evidence to create a genuine dispute as to whether the parties entered into a final settlement agreement." *Id.* Unlike in *Canyon Contracting Co.*, the undisputed facts indicate Bennett offered and Perry accepted a settlement with terms outlined in Bennett's authorization letter to D.W. Accordingly, the only issue remaining was whether Bennett would be bound by the agreement. Our adoption and application of section 49 answered that issue affirmatively. We hold Rule 80(d) is inapplicable to these facts and therefore find Bennett is bound by the settlement agreement.

## Attorney Fees

¶ 19 Perry requests its attorney fees on appeal pursuant to A.R.S. § 12–341.01 (2003). Pursuant to A.R.S. § 12–341.01.A, the prevailing party in an action arising out of contract may be entitled to its attorney fees. "An action arises out of contract if it could not exist but for the contract." *Kennedy v. Linda Brock Auto. Plaza, Inc.*, 175 Ariz. 323, 325, 856 P.2d 1201, 1203 (App.1993). In contrast, an action does not arise out of contract "if the contract is only a factual predicate to the action but not the essential basis of it." *Id.* In this case, the underlying action is not one based on contract. The settlement agreement only exists as a peripheral issue to the underlying claim. Accordingly, Perry is not entitled to attorney fees pursuant to A.R.S. § 13–341.01.

## CONCLUSION

¶ 20 For the reasons previously stated, we accept jurisdiction and grant relief to Perry. This matter is remanded to the trial court to

---

**3.** On October 21, 2009, Bennett directed D.W. to deliver the offer to Perry through the mediator. The deadline was set as October 26, 2009, five calendar days and three working days after the offer should have been delivered. Accordingly, Perry could accept Bennett's offer only within

five calendar days or three working days after receiving the delayed offer. In this case, the mediator delivered the offer to Perry on October 27, 2009. Perry accepted on October 29, 2009, only two days after receiving the delayed offer.

enforce the settlement agreement consistent with this opinion.

CONCURRING: DIANE M. JOHNSEN, and JON W. THOMPSON, Judges.