NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

───────────────────────

JENNIFER NUNEZ f/k/a JENNIFER GORDON, *Petitioner*,

*v.*

THE HONORABLE GERALD PORTER, Judge of the SUPERIOR COURT
OF THE STATE OF ARIZONA, in and for the County of MARICOPA,
*Respondent Judge,*

RICHARD GORDON, *Real Party in Interest.*

No. 1 CA-SA 14-0067
FILED 5-22-2014

───────────────────────

Petition for Special Action from the Superior Court in Maricopa County
No.  FC2012-053899
The Honorable Jerry Porter, Judge

**JURISDICTION ACCEPTED, RELIEF GRANTED**

───────────────────────

COUNSEL

Phelps Law Group, PLC, Phoenix
By Jon L. Phelps, Erica M. Fedon, Cy Hainey
*Counsel for Petitioner*

Hawkins & Hawkins, PLLC, Mesa
By Mark W. Hawkins
*Counsel for Real Party in Interest*

---

**DECISION ORDER**

Judge Maurice Portley delivered the decision of the Court, in which Presiding Judge Lawrence F. Winthrop and Judge Andrew W. Gould joined.

---

**P O R T L E Y**, Judge:

¶1          Jennifer Nunez ("Mother") challenges the ruling that she and Richard Gordon ("Father") did not reach an enforceable settlement agreement pursuant to Arizona Rule of Family Law Procedure ("Family Rule") 69 on his petition to modify legal decision-making, parenting time, and child support.  For the following reasons, we accept jurisdiction and grant relief by remanding the issue for an evidentiary hearing so that the superior court can decide the issue.

## FACTUAL AND PROCEDURAL HISTORY

¶2          Father filed a petition for ex parte emergency orders and to modify legal decision-making, parenting time, and child support.  The parties held an informal settlement conference on January 14, 2014, and purportedly reached a general consensus to resolve the petition.  After a series of offers and counter-offers, Father agreed to pay $9500 in attorneys' fees to Mother as part of the "global settlement of the issues."  The parties, however, could not agree on settlement language and, by the end of the month, Father wanted to negotiate additional terms.  The parties eventually resolved those issues and Father, by his lawyer, sent an email with the revised language to the settlement agreement to Mother's lawyer in mid-February.  The email also noted that Father would sign and notarize the settlement.

¶3          Mother signed the settlement agreement, had her signature notarized, and emailed the signature page to Father's attorney.  Instead of adding his notarized signature to the agreement, Father proposed additional changes.  Mother's attorney then sent a modified agreement to his counterpart on March 7, 2014, and two days later sent Mother's notarized signature page.  The next day, Father's attorney told his counterpart that Father was ready for trial.  Mother then filed a motion to enforce the settlement agreement and vacate the trial.  The court denied

the motion because "[Family Rule 69] requires a writing signed by the parties, and we don't have that here."

## DISCUSSION

### Special Action Jurisdiction

¶4        We have discretion to accept special action jurisdiction where there is not an "equally plain, speedy, and adequate remedy by appeal." Ariz. R.P. Spec. Act. 8(a); *accord Potter v. Vanderpool*, 225 Ariz. 495, 498, ¶ 6, 240 P.3d 1257, 1260 (App. 2010). We have exercised our discretion to determine whether the superior court properly rejected the settlement agreement the parties had entered into under Arizona Rule of Civil Procedure ("Civil Rule") 80(d), *Perry v. Ronan*, 225 Ariz. 49, 51-52, ¶¶ 5-7, 234 P.3d 617, 619-20 (App. 2010), and to determine whether a trial may be unnecessary. *Harris Trust Bank of Ariz. v. Superior Court*, 188 Ariz. 159, 162, 933 P.2d 1227, 1230 (App. 1996) ("[A]cceptance of special action jurisdiction is in the interests of judicial economy."). The issue presented here — whether a settlement agreement under Family Rule 69(A)(1) requires both parties to sign the writing — is a legal issue that justifies the exercise of our discretion to accept jurisdiction. *See Perry*, 225 Ariz. at 51, ¶ 5, 234 P.3d at 619; *cf. King v. Titsworth*, 221 Ariz. 597, 598, ¶ 8, 212 P.3d 935, 936 (App. 2009) (noting that interpreting Civil Rule 54(g) is a question of law).

### Family Rule 69(A)(1)

¶5        Mother argues that the superior court erred by concluding that the parties had not reached an enforceable settlement agreement because both did not sign the agreement. She contends that the Family Rule 69(A)(1) requirement that the agreement be "in writing" does not require that both parties sign the document so long as all material parts of their agreement, including assent, were written. As a result, she argues that the emails between their lawyers from January 15-17, 2014, constitute an enforceable agreement, or alternatively, the email exchange on February 19, 2014, constitutes their agreement.

¶6        The issue of whether there was an agreement in writing that can be enforced under Family Rule 69 presents a mixed question of law and fact. We review whether the ruling was arbitrary, capricious, or an abuse of discretion. *See* Ariz. R.P. Spec. Act. 3(c); *see also In re Thomas D.*, 231 Ariz. 29, 31, ¶ 9, 290 P.3d 223, 225 (App. 2012) ("The court abuses its discretion if it misapplies the law or a legal principle."). We review de

novo the court's interpretation of Family Rule 69(A)(1). *See Aksamit v. Krahn*, 224 Ariz. 68, 70, ¶ 8, 227 P.3d 475, 477 (App. 2010).

¶7 Family Rule 69(A)(1) states that "[a]n Agreement between the parties shall be valid and binding if . . . the agreement is in writing." The plain language of the Rule does not necessarily require the parties to sign the agreement for it to be enforceable.[1]

¶8 Because Family Rule 69 was adapted from Civil Rule 80(d), we look to the cases interpreting Civil Rule 80(d) for guidance. Ariz. R. Fam. L.P. 69, comm. cmt.; *see* Ariz. R. Fam. L.P. 1 comm. cmt; *see also* Ariz. R. Civ. P. 80(d). The plain language of both Civil Rule 80(d) and Family Rule 69(A)(1) require a settlement agreement to be in writing; namely, as we said in *Canyon Contracting Co. v. Tohono O'Odham Housing Authority*, the material terms of the agreement had to be in writing. 172 Ariz. 389, 392-93, 837 P.2d 750, 753-54 (App. 1992). We have also stated that the "manifestation of assent" to those terms by the parties also had to be in writing. *Id.* at 393, 837 P.2d at 754; *cf. Donahoe v. Arpaio*, 872 F. Supp. 2d 900, 906 (D. Ariz. 2012) (interpreting Civil Rule 80(d) to allow a binding settlement agreement through email exchanges).[2]

¶9 Here, the emails between the parties suggest that they may have entered into an agreement in January 2014 or early in February 2014. Because there is some evidence of the material terms of an agreement and there is some evidence that Father assented to those written terms, the superior court should have conducted an evidentiary hearing to determine whether the parties had reached a binding agreement on any of the issues raised in Father's petition to modify before the announcement that he was ready for trial. Consequently, because the court did not think that Family Rule 69(A)(1) applied in the absence of two signatures on the document, an evidentiary hearing is required to allow the court to determine the terms the parties had agreed to and whether their assent was reflected in writing.

---

[1] Arizona Local Rule of Practice Superior Court, Maricopa County 6.5(e), however, provides that when an agreement is a result of open negotiations using a third-party neutral, then the agreement must be signed by the parties to be enforceable. *See* Ariz. Local R. Prac. Super. Ct. (Maricopa) 6.5(b)(2), (e).

[2] We do not resolve whether a lawyer's actions on behalf of a client binds that client. *See* Restatement (Third) of Law Governing Lawyers § 27.

Attorneys' Fees

¶10         Mother seeks attorneys' fees pursuant to Family Rule 69(B) and Arizona Revised Statutes sections 25-324 and 12-341.01.[3]   Although we have statements in the briefs that there is a disparity of income between the parties, there is no evidence in the record before us about their financial resources and we therefore deny the § 25-324 request without prejudice.   Because the superior court will have to determine whether the parties entered into a settlement agreement, the terms and assents, it is premature to grant fees under § 12-341.01.   We will allow the superior court to determine whether Mother is entitled to recover her fees to file this special action when the court resolves the issue of the agreement.   We, however, award Mother her costs to file this special action upon compliance with ARCAP 21.

¶11         **IT IS ORDERED** accepting jurisdiction of Mother's petition.

¶12         **IT IS FURTHER ORDERED** granting relief by remanding for an evidentiary hearing to determine whether the parties had entered into a settlement agreement pursuant to *Canyon Contracting Co. v. Tohono O'Odham Housing Authority, supra* ¶ 8.



Ruth A. Willingham · Clerk of the Court
FILED: MJT

---

[3] We cite to the current version of applicable statutes absent changes material to this decision.