NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

LYNN VON WALD, individually and on behalf of THE ESTATE OF
MILDRED B. CRABB, Deceased, *Plaintiff/Appellee*,

*v.*

GLENN R. CRABB, individually and as Successor Trustee of the Elton R.
& Mildred Irrevocable Trust Dated February 7, 1992, as Successor Trustee
of the Elton R. Crabb and Mildred B. Crabb Trust No. XL30 Dated October
3, 1989, and as Successor Trustee of the "Undetermined" Crabb Trust,
*Defendant/Appellant*.

No. 1 CA-CV 15-0352
FILED 5-10-2016

Appeal from the Superior Court in Maricopa County
No. CV2011-006467
The Honorable Sally Schneider Duncan, Judge

**AFFIRMED**

COUNSEL

Lewis Roca Rothgerber Christie LLP, Phoenix
By Jill J. Ormond
*Counsel for Plaintiff/Appellee*

Murphy Law Firm, Inc., Phoenix
By Thomas J. Murphy
*Counsel for Defendant/Appellant*

---

**MEMORANDUM DECISION**

Judge Andrew W. Gould delivered the decision of the Court, in which Presiding Judge Diane M. Johnsen and Judge Randall M. Howe joined.

---

**G O U L D**, Judge:

## FACTS AND PROCEDURAL HISTORY

**¶1** During their lifetime, Mildred B. and Elton R. Crabb created several trusts (the "Trusts").[1] Their children, Lynn Von Wald and Glenn R. Crabb, are co-beneficiaries of the Trusts. After Elton and Mildred's deaths, Glenn became the successor trustee for the Trusts.

**¶2** In 2011, Lynn filed a complaint alleging Glenn mishandled and fraudulently converted the Trusts' assets. Lynn requested various types of relief, including an award of her 50% interest in her parent's estate.

**¶3** Lynn and Glenn eventually participated in a settlement conference, and, after reaching an agreement, placed it on the record pursuant to Rule 80(d), Arizona Rules of Civil Procedure. The agreement consisted of two components. First, the parties agreed to determine the "final value" of their parents' estate at the time of their father's death; in the settlement, Lynn would be entitled to one-half of that value. Second, once the "final value" was determined, the parties agreed to sell certain properties titled in Glenn's name. The proceeds from the sales would be paid to Lynn until she received her 50% interest in the total value of the estate; thereafter, Lynn and Glenn would share equally in any proceeds from the sales.[2]

---

[1] The three trusts involved in this case are: (1) The Elton R. & Mildred B. Irrevocable Trust Dated February 7, 1992; (2) the Elton R. Crabb and Mildred B. Crabb Trust No. XL30 dated October 3, 1989; and (3) an "Undetermined" Crabb Trust, which Lynn alleges contains most of Mildred's assets.

[2] The agreement also provided that if the properties were not sold, the parties would share the income generated by management of the properties according to the same formula.

¶4        The properties were sold pursuant to the parties' agreement. However, a dispute arose when the proceeds from the sales amounted to less than Lynn's 50% interest in the final value of the estate. Lynn claimed that Glenn had agreed to be personally liable for any shortfall, while Glenn contended the Rule 80(d) agreement did not include a personal liability provision.

¶5        Two hearings were held regarding the dispute. At the hearings, the judge who participated in and presided over the settlement conference advised the parties that based on her review of her notes, as well as her independent recollection of the agreement, Glenn agreed to be personally liable for any shortfall. As a result, the judge entered an Order Regarding Settlement Agreement and Final Judgment stating that a "term of the settlement agreement reached by the parties includes [Glenn's] personal responsibility to pay [Lynn] one half the value of [the parents'] Estate, which is currently determined as no less than $206,541.76 . . . ." The court then entered a judgment against Glenn in the amount of $206,541.76.[3]

¶6        Glenn timely appeals the court's judgment.

## DISCUSSION

¶7        The court effectively granted summary judgment regarding the estate's valuation and the existence of the personal liability term in the parties' settlement agreement; as a result, "we employ the summary judgment standard of review." *Robertson v. Alling*, 237 Ariz. 345, 347, ¶ 8 (2015). We therefore review de novo whether a genuine issue of material fact exists, viewing the facts in a light most favorable to the non-prevailing party. *Id.*

## I.    Evidentiary Hearing

¶8        Glenn argues the court erred in denying his request for an evidentiary hearing because there was a genuine fact dispute about the existence of the personal liability term.

¶9        A court must conduct an evidentiary hearing if a genuine factual dispute exists as to whether a term is part of a settlement agreement. *Brake Masters Sys., Inc. v. Gabbay*, 206 Ariz. 360, 365, ¶ 13 (App. 2003); *see also Gatz v. Southwest Bank of Omaha*, 836 F.2d 1089, 1095 (8th Cir. 1988) (a court must hold an evidentiary hearing if a substantial factual dispute exists

---

[3]        Pursuant to the parties' settlement agreement, this amount is offset by the proceeds from the sales of the properties.

regarding the terms of the settlement agreement.) Conversely, if no genuine dispute exists, an evidentiary hearing is not required. *Brake Masters Sys., Inc.*, 206 Ariz. at 365, ¶ 14.

**¶10** Neither in the trial court nor on appeal does Glenn argue that if the court had set an evidentiary hearing, he would have offered any evidence – beyond his own testimony – denying he agreed he would be obligated to make up any shortfall. He does not argue there were documents he would have put before the court, or that he would have offered evidence of conduct by Lynn inconsistent with the agreement the court found. Given his failure to make such an offer of proof, the settlement judge did not abuse her discretion by denying his request for a hearing. While the parties disagreed about whether the personal liability term was part of the settlement agreement, the settlement conference judge reviewed her notes and specifically recalled this term was part of the agreement. Thus, although the transcript is silent about this term, the judge made a factual finding that Glenn did agree to be personally liable for any shortfall. Additionally, the shortfall term logically follows from the parties' agreement that Lynn was to receive 50% of the "final value" of the estate. If the sale of the properties failed to produce sufficient revenues to satisfy this agreement, it naturally follows that Glenn would have to come up with the remainder.

**¶11** Moreover, even if there was a genuine issue of material fact, the court's failure to provide a formal evidentiary hearing did not prejudice Glenn, and therefore any error was harmless. *Cf. Walters v. First Fed. Sav. and Loan Ass'n of Phoenix*, 131 Ariz. 321, 326 (1982) ("In order to justify reversal . . . error must be prejudicial to the substantial rights of the appealing party.") The court conducted two hearings regarding the disputed term; at both hearings, the parties were given an opportunity to present their arguments orally and in writing. Additionally, the judge stated the basis for her finding. We find no error.

## II.    Value of the Estate

**¶12** Glenn also argues the court erred in denying his request for an evidentiary hearing regarding the estate's value.

**¶13** Lynn submitted a valuation of her parents' estate supported by several pages of financial information and documentation. Although Glenn made some conclusory statements objecting to Lynn's valuation, he did not provide any evidence supporting these objections. Such conclusory statements are insufficient to raise a genuine issue of material fact. *Peabody*

*Coal Co. v. State*, 158 Ariz. 190, 197 (App. 1998); *Cf.* Ariz. R. Civ. Proc. 56(e)(4)(a party opposing summary judgment "may not rely merely on allegations or denials of its own pleading"; rather, it "must set forth specific facts showing a genuine issue for trial").  Accordingly, we find no error.

## CONCLUSION

**¶14** For the above reasons, we affirm.  In our discretion, we deny Lynn's request for attorneys' fees. However, as the prevailing party Lynn is awarded her costs upon compliance with ARCAP 21.



Ruth A. Willingham · Clerk of the Court
FILED: ama