**NOT FOR PUBLICATION**

FILED



NOV 21 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

# UNITED STATES COURT OF APPEALS

# FOR THE NINTH CIRCUIT

| | |
|---|---|
| ARIZONA SKYDIVING HOLDINGS, LLC, and SKYDIVE ARIZONA, INC. | No. 15-16286 |
| Plaintiffs-Appellees, | D.C. No. 2:14-cv-00756-DLR |
| v. | |
| SKYDIVE PHOENIX, INC., | MEMORANDUM[*] |
| Defendant-Appellant, | |

Appeal from the United States District Court
for the District of Arizona
Douglas L. Rayes, District Judge, Presiding

Argued and Submitted April 19, 2017
San Francisco, California

Before: SCHROEDER and RAWLINSON, Circuit Judges, and STAFFORD,[**]
District Judge.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable William Henry Stafford, Jr., Senior United States District Judge for the Northern District of Florida, sitting by designation.

Defendant-Appellant Skydive Phoenix, Inc. appeals the decision of the district court denying its motion for attorneys' fees. Skydive Phoenix contends that the district court abused its discretion by failing to adequately consider the factors established in *Octane Fitness*[1] to determine whether a case is "exceptional" for purposes of awarding attorneys' fees under the Lanham Act.[2] Skydive Phoenix asserts that the district court additionally abused its discretion by failing to award fees under A.R.S. § 12-341.01[3] because the underlying case involved an agreement (contract) entered into by the owners of the entities involved.

We review a district court's determination whether a case was "exceptional" for abuse of discretion. *SunEarth, Inc. v. Sun Earth Solar Power Co.*, 839 F.3d 1179, 1180-81 (9th Cir. 2016) (en banc). Similarly, "[a] district court's decision to deny attorney's fees under state law is reviewed for abuse of discretion. . . ." *Med. Protective Co. v. Pang*, 740 F.3d 1279, 1282 (9th Cir. 2013) (citation omitted).

---

[1] *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 134 S. Ct. 1749, (2014).

[2] 15 U.S.C. § 1051 et seq.

[3] A.R.S. § 12-341.01 states, in pertinent part:

(A) In any contested action arising out of a contract, express or implied, the court may award the successful party reasonable attorney fees . . .

At the time of the district court's order, our standard for exceptional cases under the Lanham Act was more restrictive. *See, e.g., Classic Media, Inc. v. Mewborn*, 532 F.3d 978, 990 (9th Cir. 2008) ("We construe the exceptional circumstances requirement narrowly. . . .") (citation and internal quotation marks omitted). We have since clarified that courts must weigh the factors articulated by the Supreme Court in *Octane Fitness*, using a "totality of the circumstances" approach to determine if a case is "exceptional" for the purpose of awarding fees under the Lanham Act. *SunEarth,* 839 F.3d at 1181.

Although the district court did not have the benefit of our decision in *SunEarth* when it denied the requested fees, it nevertheless acted within its discretion when denying the fees, because this case was not "exceptional" under the Lanham Act. "[A]n exceptional case is simply one that stands out from others with respect to the substantive strength of a party's litigating position . . . or the unreasonable manner in which the case was litigated. . . ." *Octane Fitness*, 134 S. Ct. at 1756 (internal quotation marks omitted).

The burden of proof remains with the party seeking attorneys' fees to demonstrate that the case is exceptional. *See SunEarth,* 839 F.3d at 1180. Among the "nonexclusive list of factors" to consider are "frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case)

and the need in particular circumstances to advance considerations of compensation and deterrence." *Id*. at 1181 (citation and internal quotation marks omitted). The record does not reflect the existence of any of these factors.

Neither did the district court abuse its discretion in denying attorneys' fees under A.R.S. § 12-341.01. Under this statute, "[t]he proper inquiry for determining whether a claim arises out of a contract is whether the claim could not exist but for the breach or avoidance of contract." *Harris v. Maricopa Cty. Superior Court*, 631 F.3d 963, 974 (9th Cir. 2011) (citations, alteration, and internal quotation marks omitted). The complaint sufficiently alleged a cause of action for unfair competition independent of any contractual obligations. *See Joshua David Mellberg LLC v. Will*, 96 F. Supp. 3d 953, 983 (D. Ariz. 2015) (setting forth the elements of an unfair competition claim); *see also Perry v. Ronan*, 234 P.3d 617, 622 (Az. Ct. App. 2010) ("[A]n action does not arise out of contract if the contract is only a factual predicate to the action but not the essential basis of it. . . .") (citations and internal quotation marks omitted).

**AFFIRMED.**